```
                                                              FILED
                                                         U.S. DISTRICT COURT
                   IN THE UNITED STATES DISTRICT COURT      AUGUSTA DIV.

                 FOR THE SOUTHERN DISTRICT OF GEORGIA 2005 NOV -9  AM 9: 25

                                DUBLIN DIVISION           CLERK_____
                                                             SO. DIST. OF GA.
```

DINARDO ALBERTO DULUC GOMEZ, )
                             )
           Petitioner,       )
                             )
v.                           )            CV 304-037
                             )
BUREAU OF CITIZENSHIP AND    )
IMMIGRATION SERVICES, et al.,)
                             )
           Respondents.      )

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Petitioner, an inmate currently incarcerated at McRae Correctional Facility in McRae, Georgia, commenced the above-captioned case pursuant to 28 U.S.C. § 2241 contesting the constitutionality of his order of deportation. For the following reasons, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED**, without prejudice, for Petitioner's failure to prosecute this action.

### I.   BACKGROUND

Upon Petitioner's payment (with prompting from the Court) of the filing fee, the Court ordered the Government to show cause why the writ should not be granted. (Doc. no. 4). After requesting and receiving an extension of time in which to respond, the Government moved to stay the proceedings in this case so that Petitioner could pursue an application for citizenship through a parent who is also a United States citizen. (Doc. no. 12). On October 7, 2004 the Court granted the motion and stayed all proceedings in the case "pending

completion and submission of form N-600, an application for citizenship through a parent who is also a U.S. citizen, and a determination by the Citizenship and Immigration Service on that application." (Doc. no. 13, p. 1). On March 23, 2005, the Court noted that, despite the passage of several months, it appeared that no progress toward the resolution of Petitioner's citizenship application (and thus this case) had been made, and ordered the Government to "inform the Court regarding the status of Plaintiff's citizenship application and, if appropriate, to file an answer or motion to dismiss in response to Plaintiff's complaint." (Doc. no. 16, p. 1).

In response, on April 12, 2005, the Government informed the Court that Petitioner had failed to apply for a certificate of citizenship, despite the fact that the Government had mailed Petitioner the appropriate N-600 form, along with instructions, so that he could submit the form to the Citizenship and Immigration Service. (Doc. no. 17, p. 2; doc. no. 18, p. 1). The Government also suggested that continued inaction on the part of Petitioner would justify dismissal under Fed. R. Civ. P. 41(b). (Doc. no. 18, p. 2). Because the test for determining the appropriateness of dismissal is whether there is "a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice," Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985), on October 3, 2005, the Court ordered Petitioner to show cause why this case should be dismissed for his failure to prosecute. (Doc. no. 19).

The time in which to respond to the Court's October 3rd Order has passed, and Petitioner has not communicated with the Court in any way, thus saddling the Court with a stagnant case.

## II. DISCUSSION

The Court clearly has the power to dismiss a case for want of prosecution, either on the Government's motion or *sua sponte*. See Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983)("[T]he district court's power to control its docket includes the inherent power to dismiss a case."); Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . ."); see also Fed. R. Civ. P. 41(b); Loc. R. 41.1(c). Of course, as noted above, dismissal is an extreme sanction and should only be resorted to when lesser sanctions will not suffice. The Court also recognizes that Plaintiff is proceeding *pro se*, and courts have voiced a dislike for the harshness of dismissing a *pro se* case with prejudice prior to an adjudication on the merits.[1] See, e.g., Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993).

Here, Plaintiff's inaction in the face of the Court's show cause order constitutes a deliberate failure to prosecute. Under these circumstances, the Court should exercise its inherent authority to "achieve the orderly and expeditious disposition of cases" by dismissing the instant case. Lopez v. Ark. County Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)(internal quotation and citation omitted). However, as Petitioner is proceeding *pro se*, the Court is not persuaded that it would be appropriate to dismiss the instant action with

---

[1] Unless the Court specifies otherwise, a dismissal for failure to prosecute operates as an adjudication on the merits. See Fed. R. Civ. P. 41(b).

3

prejudice. The Court is not permanently barring Petitioner from bringing a meritorious claim. It is simply recommending dismissing the case without prejudice until such time as Petitioner is willing to file his case *and pursue it*.

### III.    CONCLUSION

For the reasons set forth herein, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice, and that this case be **CLOSED**.[2]

SO REPORTED and RECOMMENDED this 9th day of November, 2005, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[2] Of course, the Court also notes that it is doubtful that the Court has jurisdiction over the instant petition. On May 11, 2005, Congress passed the REAL ID Act ("the Act"); the Act took effect that same day. REAL ID Act of 2005, Publ L. No. 109-13, § 106(b), 119 Stat. 231 (2005). The Act amended 8 U.S.C. § 1252 to provide that the "sole and exclusive means of judicial review of an order of removal" is a "petition for review filed with the appropriate court of appeals." 8 U.S.C. § 1252(a)(5). The Act plainly divests this Court of any jurisdiction to entertain a habeas challenge to a final order of removal; in short, "[t]he provisions of 28 U.S.C. § 2241(a) no longer play any role in immigration cases." Balogun v. U.S. Attorney General, __ F.3d __, 2005 WL 2333840, at *4 (11th Cir. Sept. 26, 2005). Furthermore, the Act's "jurisdiction restructuring provisions are retroactively applicable to all pending proceedings regardless of the date of the final administrative order." Id. Accordingly, it is doubtful that the Court can entertain Petitioner's § 2241 petition in any event. Of course, as the Court recommends dismissal of this case for failure to prosecute, it need not address the matter further.

In addition, given Petitioner's failure to take any action regarding his case since filing it in May 2004, the Court also declines to transfer it to the Court of Appeals. (The Act provides for the transfer of any petition "pending in a district court on the date of the enactment" of the Act. See REAL ID Act of 2005, Pub.L. No. 109-13, § 106(c), 119 Stat. 231 (2005)).